Koll J. Jensen, WSBA #33342
Attorney at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
Telephone (206) 792-6959

Attorney for Plaintiff Mark A. Brenner

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK A. BRENNER, a single man,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>THE HANOVER INSURANCE GROUP, a Delaware Corporation,<br><br>　　　　　　Defendant. | No. 4:14-CV-05099-RMP<br><br>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT THE HANOVER INSURANCE GROUP'S MOTION AND MEMORANDUM OF LAW RE: MOTION FOR SUMARRY JUDGMENT DIMISSAL RE: PLAINTIFF'S CLAIMS |

## I. INTRODUCTION

Defendant The Hanover Insurance Group's Motion and Memorandum of

Law Re: Motion for Summary Judgment Dismissal Re: Plaintiff's Claims

("Hanover SJ Motion") ignores significant and critical material facts pertaining to

PLAINTIFF'S OPPOSITION TO DEFENDANT THE HANOVER GROUP'S MOTION FOR SUMMARY JUDGMENT DISMISSAL RE: PLAINTIFF'S CLAIMS - Page 1 of 11
CAUSE NO. 4:14-cv-05099

KOLL J. JENSEN
Attorney at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 792-6959
koll@kolljensen.com

the claim at issue and inaccurately sets forth several of its own alleged material facts.

## II. STATEMENT OF GENUINE MATERIAL ISSUES OF FACT

Plaintiffs' identification of genuine material issues of fact precluding the entry of judgment pursuant to Defendant's Motion for Partial Summary Judgment are set forth separately as required by LR 56.1(b), filed concurrently with this Response. In particular, the repeated claims by The Hanover Insurance Group ("Hanover") that they never received any photographs is simply false and as such illustrates there are material questions of fact that should be answered by the finder of fact with regard to Plaintiff's claims. Relatedly, Hanover misrepresents the written statements of John Freand of Roto-Rooter, discounting those aspects of his description of the situation in a manner that places the interests of Hanover over those of its insured, Mr. Brenner. The existence of questions regarding the cause of the sewer pipe break demonstrate there are genuine issues of material fact that preclude the entry of Summary Judgment at this time. Hanover's motion is premature, as it was filed even before initial disclosures had been exchanged in this matter.

PLAINTIFF'S OPPOSITION TO DEFENDANT THE HANOVER
GROUP'S MOTION FOR SUMMARY JUDGMENT DISMISSAL RE:
PLAINTIFF'S CLAIMS - Page 2 of 11
CAUSE NO. 4:14-cv-05099

**KOLL J. JENSEN**
Attorney at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 792-6959
koll@kolljensen.com

III.   EVIDENCE RELIED UPON

1.  Plaintiff's Statement of Genuine Issues of Material Fact Re Defendant The Hanover Insurance Group's Motion and Memorandum of Law Re: Motion for Summary Judgment Dismissal Re: Plaintiff's Claims;

2.  Declaration of Mark A. Brenner in Opposition to Defendant The Hanover Insurance Group's Motion and Memorandum of Law Re: Motion for Summary Judgment Dismissal Re: Plaintiff's Claims and exhibits thereto;

3.  Declaration of Koll J. Jensen in Opposition to Defendant The Hanover Insurance Group's Motion and Memorandum of Law Re: Motion for Summary Judgment Dismissal Re: Plaintiff's Claims and exhibits thereto; and,

4.  The records and pleadings on file in this matter.

IV.   AUTHORITY/ARGUMENT

The purpose of summary judgment is to avoid a useless trial or to avoid the submission of issues at trial, which can be speedily and inexpensively determined without trial.  Wilson v. Steinbach, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment should be granted where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Key Tronic Corp. v. Aetna, 124 Wn.2d

PLAINTIFF'S OPPOSITION TO DEFENDANT THE HANOVER
GROUP'S MOTION FOR SUMMARY JUDGMENT DISMISSAL RE:
PLAINTIFF'S CLAIMS -  Page 3 of 11
CAUSE NO. 4:14-cv-05099

**KOLL J. JENSEN**
Attorney at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 792-6959
koll@kolljensen.com

618, 624 (1994); CR 56. A fact is material if the outcome of the litigation depends upon it in whole or in part. Cameron v. Downs, 32 Wn. App. 875, 650 P.2d 260 (1982); Ross v. Frank B. Hall & Co., 73 Wn. App. 630, 634, 870 P.2d 1007 (1994). Once a party moving for summary judgment has made an initial showing that there is no genuine issue of material fact, the non-movant must demonstrate the existence of such an issue by setting forth specific facts which, if believed, would create a genuine issue of material fact. Brame v. St. Regis Paper Co., 97 Wn.2d 748, 649 P.2d 836 (1982). "Unsupported conclusory allegations are not sufficient to defeat summary judgment. Unsupported argumentative assertions are not sufficient to defeat summary judgment. Vacova Co. v. Ferrell, 62 Wn. App. 386, 395, 814 P.2d 255 (1991) (internal citations omitted).

    In this case, it cannot be denied the Hanover's SJ Motion omits material facts that are inconvenient to its case, and that should be considered by the fact finder as the outcome of this litigation depends upon a factual determination of this disputed and contested issues. In particular, Hanover attempts to sweep away the incredibly pertinent (and perhaps ultimately dispositive) question of what caused the pipe to break, and once this question is resolved, whether the insurance policy at issue provides coverage for the loss or not.

PLAINTIFF'S OPPOSITION TO DEFENDANT THE HANOVER GROUP'S MOTION FOR SUMMARY JUDGMENT DISMISSAL RE: PLAINTIFF'S CLAIMS - Page 4 of 11
CAUSE NO. 4:14-cv-05099

KOLL J. JENSEN
Attorney at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 792-6959
koll@kolljensen.com

A.  Hanover Completely Misrepresents the Fact that Photographs Were Provided to Them.

Plaintiff provided Hanover with photographs taken by employees of Roto-Rooter during the repair of the broken pipe.  Declaration of Mark A. Brenner in Opposition to Defendant The Hanover Insurance Group's Motion and Memorandum of Law Re: Motion for Summary Judgment Dismissal Re: Plaintiff's Claims ("Brenner Decl.") at ¶ 11, Exhibits A through G.  Declaration of Koll J. Jensen in Opposition to Defendant The Hanover Insurance Group's Motion and Memorandum of Law Re: Motion for Summary Judgment Dismissal Re: Plaintiff's Claims ("Jensen Decl.") at ¶¶2-3, Exhibits 1 and 2.  Complaint at ¶¶ 24-25.  Answer at ¶¶ 24-25.

Despite receiving and reviewing the photographs, Hanover states at multiple points that it never received any photographs.  Hanover SJ Motion at Page 2 (final paragraph) and Page 3 (continuing paragraph).  See also Declaration of Kathy Gleason in Support of Defendant The Hanover Insurance Group's Motion and Memorandum of Law Re: Motion for Summary Judgment Dismissal Re: Plaintiff's Claims ("Gleason Decl.") at ¶ 6.  However, Ms. Gleason's letter to Mr. Jensen on July 1, 2014 completely undermines this position wherein she states

PLAINTIFF'S OPPOSITION TO DEFENDANT THE HANOVER GROUP'S MOTION FOR SUMMARY JUDGMENT DISMISSAL RE: PLAINTIFF'S CLAIMS - Page 5 of 11
CAUSE NO. 4:14-cv-05099

KOLL J. JENSEN
Attorney at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 792-6959
koll@kolljensen.com

"In regard to the above claim, we have reviewed your letter of June 26, 2014 as well as the accompanying photos". Jensen Decl. at ¶ 3, Exhibit 2.

Hanover reiterates this misrepresentation in its Statement of Material Facts in Support of its Motion for Summary Judgment Dismissal Re: Plaintiff's Claims ("Hanover Material Facts") at ¶ 10.  See also Id. at ¶20.  All of these claims that no photographs were provided serve to demolish Hanover's repeated descriptions of the "allegedly" broken pipe.  What's more, Hanover's dismissive use of the term "allegedly" would require that Mr. Brenner's claim, Roto-Rooter's explanation, the invoices generated, the photographs provided, and other communications are an elaborate conspiracy to fabricate a claim where none exists.  Such a categorization of this situation should be rejected outright.

Plaintiff's previous production of the photographs to Hanover create a question of material fact as to whether Hanover's claims that they were not given the opportunity to determine the cause of the pipe failure. Gleason Decl. at ¶ 14, Exhibit 8. Mr. Brenner provided what he could, and Hanover was not prejudiced in its investigation.  This is especially true in light of the fact that the actual excavation of the damaged pipe disrupted the earth and material near and around the portion of pipe that was broken. Jensen Decl. at ¶2, Exhibit 1.  A trier of fact should have the chance to review the photographs, hear testimony from the people

PLAINTIFF'S OPPOSITION TO DEFENDANT THE HANOVER
GROUP'S MOTION FOR SUMMARY JUDGMENT DISMISSAL RE:
PLAINTIFF'S CLAIMS -  Page 6 of 11
CAUSE NO. 4:14-cv-05099

KOLL J. JENSEN
Attorney at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 792-6959
koll@kolljensen.com

who worked on the repair, and testimony from one or more experts as to the potential and likely causes of the pipe breakage. As such, summary judgment is inappropriate at this time.

B. Hanover Misrepresents the Position of Roto-Rooter Regarding the Broken Pipe.

Hanover again mislead and/or represents the facts when it comes to the correspondence it received from Roto-Rooter. The correspondence from Roto-Rooter states, "…In our professional opinion the pipe had to have been damaged and pulled apart in some other way from an **unknown source.** This **could** have been done from other work being performed in proximity of this pipe such as other utilities being installed or even ground movement. **The exact reason for the damage cannot be determined…**" Gleason Decl. at ¶ 11, Exhibit 5 (emphasis added).

Despite this very clear reading of the letter from Roto-Rooter, the Hanover SJ Motion contains incomplete or outright deceptive representations of its contents. See, for example, Hanover SJ Motion at page 4. ("Hanover re-evaluated its coverage position based upon Roto-Rooter's changed position that the pipe 'could have been' damaged from work being performed in the proximity of the pipe or ground movement.") See also Hanover SJ Motion at page 5. ("Roto-

PLAINTIFF'S OPPOSITION TO DEFENDANT THE HANOVER
GROUP'S MOTION FOR SUMMARY JUDGMENT DISMISSAL RE:
PLAINTIFF'S CLAIMS - Page 7 of 11
CAUSE NO. 4:14-cv-05099

**KOLL J. JENSEN**
Attorney at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 792-6959
koll@kolljensen.com

Rooter provided two separate theories of the cause of the loss, neither of which is covered under the Policy.") <u>Again</u> at Hanover SJ Motion at page 16. ("In seeking coverage, Plaintiff relied upon two separate theories posited by Roto-Rooter as to the cause[s] of loss, neither of which is covered under the Policy.") <u>And again</u> at Hanover SJ Motion pages 17-18. ("Roto-Rooter abandoned its original statement that seven feet of pipe was missing and speculated that Plaintiff's loss was caused by either (1) work being performed in proximity the alleged broken pipe such as other utilities being installed or (2) ground movement.")

In the very next sentence, Hanover concedes that its (selective) reliance upon Roto-Rooter's letter is misguided with regard to how the pipe actually broke. "Roto-Rooter's **unsupported opinion** that the underground pipe was damaged [broken] 'by work being performed in proximity of the alleged broken underground pipe such as other utilities being installed' is excluded by the *Negligent Work* Exclusion in Hanover's Policy." Hanover SJ Motion at page 18 (emphasis added). In none of these representations does Hanover acknowledge Roto-Rooter's conclusion that "the exact reason for the damage cannot be determined." Gleason Decl. at ¶ 11, Exhibit 5.

All of these statements by Hanover in its Motion for SJ are misleading, as they ignore the photographs that were shared with Ms. Gleason. Indeed, Hanover

**KOLL J. JENSEN**
Attorney at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 792-6959
koll@kolljensen.com

inadvertently (presumably) underscores the importance of the photographs it was provided and chose to ignore, and then falsely claimed to have never received. "Such evidence (photographs and other physical evidence) **is particularly important** in this matter…" Hanover Motion for SJ at page 20 (emphasis added, and parenthetical phrase added for clarity).

Hanover's misrepresentations of Roto-Rooter's complete explanation, its admission that Roto-Rooter's opinion is "unfounded," and its tacit admission that the cause of the break *is not known*, all militate to the material facts of this case be determined at trial or after further discovery has taken place.  For additional reliance on these misrepresentations and devaluation of Roto-Rooter's explanation, see Hanover's Material Facts at ¶13 ("The invoice is silent as to the cause of the underground alleged underground pipe break.") citing Gleason Decl. at ¶7.  Also of note are  ¶¶ 11,17, 18, 20, and 21.

C.  It is a Question of Material Fact as to How the Pipe Was Damaged and Whether the Insurance Policy Provides Coverage.

Hanover's rationale and reasoning for its SJ Motion utterly fails once it is understood that the cause of the pipe breakage at this point is unknown, that it is unclear is any of the insurance policy's exclusions apply, and whether any of the policy's endorsements or other provisions provide coverage for the loss.  Some of

PLAINTIFF'S OPPOSITION TO DEFENDANT THE HANOVER
GROUP'S MOTION FOR SUMMARY JUDGMENT DISMISSAL RE:
PLAINTIFF'S CLAIMS -  Page 9 of 11
CAUSE NO. 4:14-cv-05099

**KOLL J. JENSEN**
Attorney at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 792-6959
koll@kolljensen.com

these potentially applicable exclusions and endorsements are set forth in Hanover SJ Motion at pages 15-20, as well as Hanover Material Facts at ¶¶ 23-24.

There are other provisions of the insurance policy that may be determined to mandate coverage for the loss, just as there are provisions that may require a denial of coverage. Declaration of Martin J. Pujolar in Support of Defendant The Hanover Insurance Group's Motion for Summary Judgment Dismissal Re: Plaintiff's Claims at ¶4, Exhibit 3. However, the legal outcome of this case cannot determined as a matter of law until as-yet unknown or undetermined facts are established through discovery or trial.

## V.  CONCLUSION

For the reasons set forth above, and because further discovery or a trial are needed determine the multiple and significant issue of material fact in this matter, the Hanover SJ Motion should be denied. A proposed Order will be provided to the Court prior to the hearing date.

///

///

///

PLAINTIFF'S OPPOSITION TO DEFENDANT THE HANOVER GROUP'S MOTION FOR SUMMARY JUDGMENT DISMISSAL RE: PLAINTIFF'S CLAIMS - Page 10 of 11
CAUSE NO. 4:14-cv-05099

**KOLL J. JENSEN**
Attorney at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 792-6959
koll@kolljensen.com

DATED this 22nd day of December, 2014.

KOLL J. JENSEN, ATTORNEY AT LAW

/s/ Koll J. Jensen
Koll J. Jensen, WSBA #33342
Attorney at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
koll@kolljensen.com
(206) 792-6959 tel
(888) 600-5331 fax
Attorney for Plaintiff Mark A. Brenner

PLAINTIFF'S OPPOSITION TO DEFENDANT THE HANOVER GROUP'S MOTION FOR SUMMARY JUDGMENT DISMISSAL RE: PLAINTIFF'S CLAIMS - Page 11 of 11
CAUSE NO. 4:14-cv-05099

**KOLL J. JENSEN**
Attorney at Law
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 792-6959
koll@kolljensen.com